**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| 425 Third Street SW, Suite 800 ) | |
| Washington, DC 20024, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| 950 Pennsylvania Avenue, N.W. ) | |
| Washington, DC 20530-0001, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.     Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American

public to inform them about "what their government is up to."

4.        Defendant U.S. Department of Justice ("DOJ") is an agency of the United States

Government.  Defendant has possession, custody, and control of records to which Plaintiff seeks

access.  Defendant is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-

0001.

## STATEMENT OF FACTS

5.        On November 10, 2021, Plaintiff submitted a FOIA request to the Federal Bureau

of Investigation ("FBI"), a component of Defendant, seeking access to communications between

FBI officials and the New York Times regarding FBI raids earlier that same month on the homes

of an investigative reporter for and the founder/CEO of Project Veritas, a non-profit non-

governmental organization headquartered in Mamaroneck, New York.  The request, submitted

via the FBI's online FOIA portal, described the requested records as follows:

> 1.        All records of communications, whether by email (on .gov
> or non.gov email accounts), text message, or instant chat,
> between officials in the FBI, including but not limited to
> officials in the offices of the FBI Director, FBI Deputy
> Director, Office of General Counsel, Office of Public
> Affairs, and/or the FBI New York Field Office on the one
> hand, and employees, contractors, and representatives of
> The New York Times on the other hand, regarding
> the FBI search warrants and raid on the residence of Project
> Veritas journalist Spencer Meads on November 4,
> 2021.  The time frame of the request is October 1, 2021 to
> present.
>
> 2.        All records of communications, whether by email (on .gov
> or non.gov email accounts), text message, or instant chat,
> between officials in the FBI, including but not limited to
> officials in the offices of the FBI Director, FBI Deputy
> Director, Office of General Counsel, Office of Public
> Affairs, and/or the FBI New York Field Office on the one
> hand, and employees, contractors, and representatives of

> The New York Times on the other hand, regarding
> the FBI search warrants and raid on the residence of Project
> Veritas founder James O'Keefe on November 6,
> 2021.  The time frame of the request is October 1, 2021 to
> present.

6.      On information and belief, the FBI divided Plaintiff's request into two parts and assigned the parts FOIPA Request Nos. 1510345-000 and 1510345-001.

7.      By letter dated November 24, 2021, the FBI acknowledged receipt of the request and advised Plaintiff that the request had been assigned FOIPA Request No. 1510345-000.  The letter did not advise Plaintiff that the request had been divided into two parts or that the other portion of the request was being assigned a separate number.

8.      By letter dated December 15, 2021, the FBI confirmed the existence of records responsive to FOIPA Request No. 1510345-000, but denied the request, asserting that the records were "law enforcement records" located in an investigative file and were exempt from disclosure under FOIA Exemption 7(A).  Defendant further asserted that "there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information could reasonably be expected to interfere with enforcement proceedings."

9.      On January 4, 2022, Plaintiff appealed the FBI's denial of FOIPA Request No. 1510345-000 to Defendant's Office of Information Policy ("OIP"), the administrative appeal authority identified in the December 15, 2021 denial.

10.      Later that same day, January 4, 2022, OIP acknowledged receipt of Plaintiff's appeal and advised Plaintiff that the appeal had been assigned appeal number A-2022-00551.

11.      By letter dated January 6, 2022 bearing the subject line "FOIPA Request No. 1510345-001," the FBI again confirmed the existence of records responsive to the request but again denied the request, asserting that, like FOIPA Request No. 1510345-001, the records were

"law enforcement records" located in an investigative file and were exempt from disclosure under FOIA Exemption 7(A).  Defendant again further asserted that "there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information could reasonably be expected to interfere with enforcement proceedings."

12.     Neither the FBI's December 15, 2021 letter regarding FOIPA Request No. 1510345-000 nor its January 6, 2022 letter regarding FOIPA Request No. 151034-001 explained how communications with the New York Times constituted "law enforcement records."

13.     On information and belief, OIP subsequently considered Plaintiff's January 4, 2022 appeal as an appeal of the denial of FOIPA Request No. 1510345-001 as well and consolidated for purposes of appeal both the two portions of Plaintiff's November 10, 2021 request the FBI had denied and a second request Plaintiff had submitted to the FBI on December 21, 2021, FOIPA Request No. 1514498-000, which also concerned Project Veritas and had been denied by the FBI on January 6, 2022 on the same grounds.

14.     In a letter dated February 14, 2022, OIP wrote, "You appealed from the actions of the [FBI] on your [FOIA] request for access to various records concerning Project Veritas."  The letter bore the subject line "Appeal Nos. A-2022-0551, A-2022-00580 & A-2022-00615" and "Request Nos. 1510345-000, 1510345-001, & 1514498-000."  OIP affirmed the FBI's denials, asserting that the "FBI properly withheld this information in full" pursuant to 5 U.S.C § 552(b)(7)(A) and "it is reasonably foreseeable that disclosure of this information would harm the interests protected by this provision.  This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings."

- 4 -

15.     A true and correct copy of OIP's February 14, 2022 denial of Plaintiff's administrative appeal is attached as Exhibit A.

## <u>COUNT I</u>
### (Violation of FOIA, 5 U.S.C. § 552)

16.     Plaintiff realleges paragraphs 1 through 15 as if fully stated herein.

17.     Defendant is violating FOIA by failing to produce all records responsive to Plaintiff's request or demonstrate that the requested records are lawfully exempt from production.

18.     Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

19.     Plaintiff has exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: April 13, 2022

Respectfully submitted,

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429761
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5172
Fax:     (202) 646-5199
Email:  porfanedes@judicialwatch.org

*Counsel for Plaintiff*