**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Civil Action No. 22-1034 (BAH) |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT
OF MATERIAL FACTS AS TO WHICH THERE IS NO ISSUE
AND FURTHER STATEMENT OF MATERIAL FACTS
IN SUPPORT OF PLAINTIFF'S CROSS-MOTION**

Plaintiff Judicial Watch, Inc., by and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 7(h), respectfully submits this response to Defendant's Statement of Material Facts as to Which There Is No Issue and Further Statement of Material Facts in Support of Plaintiff's Cross-Motion:

**I.    PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE.**

1. Undisputed.

2. Undisputed.

3. Plaintiff lacks knowledge as to the information described but accepts Defendant's sworn affidavit regarding this information as accurate.

4. Plaintiff lacks knowledge as to the information described but accepts Defendant's sworn affidavit regarding this information as accurate.

5. Plaintiff lacks knowledge as to the information described but accepts Defendant's sworn affidavit regarding this information as accurate.

1

6. Plaintiff lacks knowledge as to the information described but accepts Defendant's sworn affidavit regarding this information as accurate.

7. Undisputed that the FBI communicated this information to Plaintiff.

8. Undisputed.

9. Undisputed.

10. Undisputed.

11. Undisputed.

12. Disputed. Mr. Seidel states in his sworn affidavit that the FBI initially interpreted Plaintiff's FOIA requests as seeking records concerning communications between FBI officials and *The New York Times* regarding the FBI search warrants and raids of the residences of Meads and O'Keefe. Seidel Decl. ¶14.

13. Plaintiff lacks knowledge as to the information described but accepts Defendant's sworn affidavit regarding this information as accurate. However, notes again that Mr. Seidel statement in his sworn declaration at paragraph 14. Seidel Decl. ¶14.

14. Undisputed.

15. Plaintiff does not dispute that this was the FBI's determination, but disputes that the FBI adequately searched for records responsive to Plaintiff's requests.

16. Plaintiff lacks knowledge as to the information described but accepts Defendant's sworn affidavit as accurate on this information.

17. Undisputed that the FBI came to this conclusion, but Plaintiff disputes that the FBI conducted an adequate search.

18. Plaintiff lacks knowledge as to the information described but accepts

Defendant's sworn affidavit regarding this information as accurate.

19. Plaintiff lacks knowledge as to the information described but accepts Defendant's sworn affidavit regarding this information as accurate.

20. Plaintiff lacks knowledge as to the information described but accepts Defendant's sworn affidavit regarding this information as accurate.

21. Plaintiff lacks knowledge as to the information described but accepts Defendant's sworn affidavit regarding this information as accurate.

22. Plaintiff agrees that *Judicial Watch Inc. v. Department of Justice*, 22-1035 (TSC) was dismissed, but does not agree that the case was related to this litigation. Plaintiff lacks knowledge as to the rest of the information described but accepts Defendant's sworn affidavit regarding this information as accurate.

23. Plaintiff lacks knowledge as to the information described but accepts Defendant's sworn affidavit regarding this information as accurate.

24. Undisputed that the FBI came to this conclusion, but Plaintiff disputes that a search elsewhere would not be reasonably likely to locate responsive communications records.

## II.   PLAINTIFF'S FURTHER STATEMENT OF MATERIAL FACTS

25. On November 4, 2021, FBI agents executed a search warrant at the New York residence of a former Project Veritas reporter Spencer Meads. Ex. 1.

26. On November 6, 2021, FBI agents executed a search warrant at the New York residence of Project Veritas founder James O'Keefe. Ex. 2.

27. According to the warrants and a Staff Report for the Committee on the

Judiciary of the U.S. House of Representatives, the FBI executed the search warrants in connection with the FBI investigation relating to Ashley Biden's diary. Ex. 1-2; REPUBLICAN STAFF OF H. COMM. ON THE JUDICIARY, 117TH CONG., *FBI Whistleblowers: What Their Disclosures Indicate About The Politicization Of The FBI And Justice Department* (November 4, 2022).[1]

28. On the morning of November 4, 2021, *The New York Times* contacted the Executive Office U.S. Attorneys for the Southern District of New York ("EOUSA" "SDNY") regarding the search warrant executed at a Project Veritas journalist's New York residence that morning and revealed it knew of specific information regarding the FBI's investigation into Ashley Biden's diary and Project Veritas. Ex. 3, pp. 1, 3.

29. The *Times* subsequently published an article on November 5, 2021 about the search warrants executed at the residences of Meads and the other Project Veritas journalist, citing "people briefed" on the matter as its sources. Michael Schmidt, William K. Rashbaum, Precious Fondren, and Adam Goldman, *People Tied to Project Veritas Scrutinized in Theft of Diary from Biden's Daughter*, N.Y. TIMES (Nov. 5, 2021), https://www.nytimes.com/2021/11/05/us/politics/project-veritas-investigation-ashley-biden-diary.html.

30. On November 6, 2021, *The Times* published another article with specific information about the search warrant executed at the residence of O'Keefe within an hour after the FBI left the residence. Michael S. Schmidt, et al., *F.B.I. Searches James O'Keefe's Home in Ashley Biden Diary Theft Inquiry*, N.Y. TIMES (Nov. 6, 2021),

---

[1] The report is available at https://judiciary.house.gov/sites/evo-subsites/republicans-judiciary.house.gov/files/legacy_files/wp-content/uploads/2022/11/HJC_STAFF_FBI_REPORT.pdf.

https://www.nytimes.com/2021/11/06/us/politics/james-okeefe-project-veritas-ashley-biden.html; REPUBLICAN STAFF OF H. COMM. ON THE JUDICIARY, *supra* ¶ 27, at 499.

31. Again, the article cites "people briefed" on the matter as its sources. *Id.*

32. The *Times*, in the course of its reporting about the FBI investigation into Ashley Biden's diary, published excerpts of Project Veritas's legal memoranda, just hours after a court ordered the FBI to pause its extraction and review of O'Keefe's cellphones. Adam Goldman and Mark Mazzetti, *Project Veritas and the Line Between Journalism and Political Spying*, N.Y. TIMES (Nov. 11, 2021), https://www.nytimes.com/2021/11/11/us/politics/project-veritas-journalism-political-spying.html.

33. The *Times* represents that the memoranda were acquired by its journalists outside of any discovery process in its ongoing litigation against Project Veritas. Brief for Defendant-Appellant at 2-7, *Project Veritas v. The New York Times Company, et al.*, No. 2021-09551 (N.Y. App. Div. 2d Dept. March 11, 2022).

34. O'Keefe's lawyers represent that the memoranda were located on the cellphone FBI seized from O'Keefe. Petitioner's Motion for Miscellaneous Relief at 1-3, *In re Search Warrant dated November 5, 2021*, 21 MAG 10685 (S.D.N.Y. Nov. 15, 2021).

35. Based upon publicly available documents relied upon in litigation regarding these search warrants, any and all information regarding the FBI investigation could only be accessed by an extremely small number of DOJ personnel. Ex. 4.

36. An FBI whistleblower, Kyle Seraphin, provided to James O'Keefe the Sentinel Case Summary document for the FBI's investigation of Ashley Biden's diary and

Project Veritas.[2]  Ex. 4.

37. The Sentinel Case Summary document labeled access to the case as "Restricted to everyone except Case Participants," lists 17 DOJ Case Participants, and labeled the investigation as a Sensitive Investigative Matter ("SIM") involving "News Media."  Ex. 4.

38. Plaintiff also sued EOUSA seeking records of communications between SDNY and the *Times* regarding the same search warrants and their execution.  *Judicial Watch, Inc. v. U.S. Department of Justice*, No. 1:22-cv-02652.

39. In this ongoing litigation, EOUSA has produced several emails showing that communications between SDNY and the *Times* about the warrants and the FBI investigation began on the morning on November 4, at the time of or shortly thereafter the execution of the search warrants at the residences of Spencer Meads and another Project Veritas journalist.  Ex. 3.

Dated: March 31, 2023                     Respectfully submitted,

                                          */s/ Kathryn Blankenberg*
                                          KATHRYN BLANKENBERG
                                          D.C. Bar No. 1781777
                                          PAUL J. ORFANEDES
                                          D.C. Bar No. 429716
                                          JUDICIAL WATCH, INC.
                                          425 Third Street SW, Suite 800
                                          Washington, DC  20024
                                          Tel.:   (202) 646-5172
                                          Fax:   (202) 646-5199
                                          Email: kblankenberg@judicialwatch.org

                                          *Counsel for Plaintiff*

---

[2]  *WATCH: James O'Keefe, Veritas Whistleblowers & FBI Insider Kyle Seraphin On Stage At AMFEST 2022*, PROJECT VERITAS (Dec. 28, 2022), https://www.youtube.com/watch?v=1daNAF8YfOg.